WIGGINTON, Judge.
The plaintiff in a negligence action has appealed from a final judgment entered for the defendant notwithstanding the jury verdict in favor of the plaintiff.
The ultimate question for our determination is whether the court correctly ruled that under the evidence adduced at the trial the plaintiff was guilty of contributory negligence, which negligence, under Florida law, would bar the plaintiff from recovering damages against defendants in this action.
The entry of a judgment notwithstanding the verdict, like that appealed herein, is authorized by paragraph (b) of Rule 2.7 of the Florida Rules of Civil Procedure, 31 F.S.A., which paragraph provides:
“(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury at such time subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with the motion for a directed verdict.”
The general rules applicable in determining the validity of a judgment notwithstanding the verdict are, of course, the same as those applicable to the validity of a directed verdict at the trial, because in entering such a judgment and in directing such a verdict the trial court in effect takes *866 an issue away from the jury and decides the issue itself as a matter of law. In Burch v. Strange[1] we thus summarized those general rules as to the direction of verdicts:
“The power to direct a verdict should be cautiously exercised, and a motion for a directed verdict should never be granted unless the evidence is such that under no view which the jury might lawfully take of the evidence favorable to the adverse party could a verdict for the latter party be sustained. Metropolitan Life Ins. Co. v. Jenkins, 1943, 152 Fla. 486, 12 So.2d 374; Katz v. Bear, Fla.1951, 52 So.2d 903.
“A motion for a directed verdict admits for the purpose of such motion the facts in evidence and every reasonable and proper conclusion based thereon which is favorable to the adverse party. Hartnett v. Fowler, Fla.1957, 94 So.2d 724. One moving for a directed verdict against his opponent admits not only the facts shown by the evidence but also admits every reasonable inference favorable to his opponent that a jury might fairly and reasonably arrive at from the evidence. Cutchins v. Seaboard Air Line R. Co., Fla. 1958, 101 So.2d 857.”
A review of the record reveals that plaintiff affirmatively testified that he disembarked from a city transit bus when it stopped at a highway intersection outside the corporate limits of a municipality. The incident occurred in daylight hours, although it was raining at the time. Plaintiff started across the road in front of the bus while it remained in a parked position at the edge of the pavement. As he stepped out from the left edge of the bus, he looked to his left and saw two automobiles traveling toward him in the traffic lane which he would have to cross in order to reach the other side of the road. Although he first testified that he thought the vehicles were stopped behind the bus, he immediately changed this statement by saying that he was not sure whether either of them had come to a full stop before he started walking across the road. In any event, he estimated that the lead vehicle closest to him was traveling between 35 and 40 miles an hour when it struck him. It is obvious from this testimony that the car driven by defendant was not stopped behind the bus when plaintiff started to cross the road in front of it in view of the estimated speed of the car at the time of striking plaintiff. From plaintiff’s own testimony it is unquestioned that before he attempted to cross the road, he saw the approaching automobiles, knew it was raining and the highway surface was slippery. Despite this he walked out onto the road directly in front of the oncoming vehicle driven by defendant. Under all the circumstances we find it impossible to reconcile plaintiff’s conduct with that of an ordinary prudent man acting with due regard for his own safety and welfare.
A similar factual situation was present in Riedel v. Driscoll.[2] In that case a young lady walked from behind a transit bus preparatory to crossing a public street. Before reaching the far side of the street she was struck by a vehicle driven by defendant who was approaching from the opposite direction. In holding that her conduct under the circumstances constituted contributory negligence as a matter of law, this court said:
“ * * * Assessing, as we have, every inference of the evidence in the light most favorable to her, it is apparent that if she observed defendant’s approaching automobile at any time prior to impact, it was only for a fleeting instant; and the record does not reflect any situation, circumstance or condition that would operate to remove the duty resting on her to take note of those dangers which, by the use of her normal senses, she could and should, in the exercise of due care, have *867 seen and taken steps to avoid before entering the street under the conditions then existing. * * * ”
The only factual distinction between Rie-del and the case sub judice is that in the former the plaintiff never saw defendant’s vehicle until it was too late to avoid the collision, whereas here the plaintiff saw and was aware of defendant’s approaching vehicle before he voluntarily placed himself in the perilous position from which he did not escape before being struck.
Because of the foregoing, it is our conclusion that the trial court properly granted defendant’s motion for a directed verdict, and the judgment should be affirmed.
RAWLS, Chief Judge, concurs, and CARROLL, DONALD K., J., dissents.

. Burch v. Strange, (Fla.App.1961) 126 So.2d 898, 901.

. Riedel v. Driscoll, (Fla.App.1960) 124 So.2d 42, 45.