387 So.2d 427 (1980)
Manuel VELASQUEZ, Appellant,
v.
AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY and Tropical Chevrolet, T/a Tropical Leasing, Inc., Appellees.
No. 79-1381.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Mandina & Lipsky and Philip J. Mandina, Miami, for appellant.
Jeanne Heyward, Peters, Pickle, Flynn, Neimoeller, Stieglitz & Hart, Quinton, Lummus, Dunwody & Adams and James D. Adams, Miami, for appellees.
Before HENDRY and BASKIN, JJ. and PEARSON, TILLMAN (Ret.), Associate Judge.
PER CURIAM.
Manuel Velasquez, a minor, was struck by an unidentified motorist while he was walking on a highway. He claimed uninsured motorist coverage from the appellee American Manufacturers Mutual Insurance Company, the insurance carrier for Tropical Chevrolet, and in the alternative, he claimed damages against Tropical Chevrolet for failure to provide contracted insurance coverage. The trial judge heard the testimony and examined the evidence submitted *428 and found that Velasquez was not entitled to insurance coverage under either theory. This appeal is from that judgment. We affirm.
The following facts were supplied by stipulation. Raul Velasquez rented an automobile on July 9, 1975, from Tropical Chevrolet, Inc. The rental was necessitated because Raul's vehicle was being repaired by Tropical Chevrolet, Inc., at the time. On his personal vehicle he carried the standard auto insurance policy including uninsured motorist coverage. On July 17, 1975, Raul's son, Manuel Velasquez, had driven the vehicle into the area of 72nd Avenue and 42nd and 43rd Streets, wherein the vehicle ceased to operate and was left off the roadway in a grassy area. Manuel started walking toward a service station which he knew to be in the area. During his journey, as a pedestrian, toward the service station, he was struck by a vehicle which immediately left the scene of the accident. Manuel Velasquez was a pedestrian when he was struck by a vehicle which immediately left the scene of the accident, as indicated, and therefore Manuel Velasquez was injured while walking as a pedestrian. The rental agreement which was signed by Raul Velasquez, Manuel's father, specifically states: "the operation of the vehicle by any driver under 21 years of age is prohibited. Liability insurance does not protect lessee or driver if driver is under 21." Manuel Velasquez was 17 years old on or about July 17, 1975, when the accident, which is the subject matter of this lawsuit, occurred. It was as a direct result of Manuel Velasquez' operation of the rental vehicle that he found himself in the vicinity where the accident occurred. Paragraph 4 on the reverse side of the rental agreement states: "Lessee is covered by an automobile liability insurance policy, copy of which will be made available for inspection upon request by Lessee, said policy does not apply to ... (b) any liability of Lessee or other bodily injury, sickness, disease or death, or damage to property caused directly or indirectly as a result of violation of this rental agreement."
The point involved as stated by the appellant is:
"Whether or not Manuel Velasquez would be covered by the insurance afforded in the rental agreement, as a pedestrian injured by a hit and run driver which created an uninsured motorist situation."
The appellant has relied upon Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), and cases which have followed and applied the decision in Mullis as authority for coverage under the instant facts. In Mullis, it was held that a son who resided in his father's household and was injured while riding in an uninsured motor vehicle owned by his mother was entitled to uninsured motorist coverage under his father's policy. In Main Insurance Company v. Wiggins, 349 So.2d 638 (Fla. 1st DCA 1977), it was held that a pedestrian was covered by the uninsured motorist provisions of policies issued to his son and daughter when the policies extended coverage to relatives of the owner residing in the same household.
These holdings do not authorize the extension of uninsured motorist coverage to Manuel Velasquez in the present case. The policy in the present instance was not issued to Manuel's father. It was issued to Tropical Chevrolet. Tropical was the owner. By special provision of the policy, uninsured motorist protection was extended to any person while occupying the insured automobile. This provision did not limit the statutorily required coverage to owners but was in addition thereto. Neither this court nor the trial court is authorized to extend coverage beyond the plain language of the policy in the absence of ambiguity, waiver, estoppel or contradiction of public policy. Rigel v. National Casualty Company, 76 So.2d 285 (Fla. 1954); United States Fire Ins. Co. v. Morejon, 338 So.2d 223 (Fla. 3d DCA 1976). None of these exceptions were proved in the trial court.
In addition, it should be pointed out that we are not unmindful that appellant's tenuous thread of contention to the policy of Tropical Chevrolet was further strained by the fact that his operation of the automobile *429 was a direct violation of the terms of the policy and the rental agreement. We do not reach that issue.
Affirmed.