411 So.2d 960 (1982)
Carmel CARTER, Rodelio Pena, Manuel Vazquez, and M.V. Supplies, Inc., Appellants,
v.
PENINSULAR FIRE Insurance Company, Appellee.
No. 80-832.
District Court of Appeal of Florida, Third District.
March 30, 1982.
*961 Horton, Perse & Ginsberg and Edward A. Perse, Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Jeanne Heyward, Samuel A. Spatzer, Miami, for appellants.
George, Hartz & McNary and Scott R. McNary, Miami, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
After the jury returned a special interrogatory verdict on behalf of the plaintiff, the trial court entered a judgment for the defendant in accordance with a motion for a directed verdict. The plaintiff appeals. We affirm the trial court order.
Carter and her son received personal injuries as a result of a collision with a van driven by Rodelio Pena, who was an employee of M.V. Supplies, Inc. M.V. Supplies, Inc. had previously been owned and operated by Manuel Vazquez, Sr. as a sole proprietorship. Several years prior to the accident, he sold the business to his sons, Orlando and Manuel, Jr., who then incorporated. The vehicle which was involved in the accident was titled in the name of Manuel Vazquez, Sr., but was used in the family business.
Carter commenced an action against Pena, M.V. Supplies, Inc., and its insurer, Peninsular Fire Insurance Company. Peninsular's multiperil policy with M.V. Supplies, Inc. contained an Employer's Non-ownership Automobile Liability Insurance Endorsement which provided in pertinent part:
The Company will pay on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of:
bodily injury or property damage
... arising out of the use in such business, by an employee of the named insured of any non-owned commercial automobile if the use of such commercial automobile is occasional and infrequent ... [emphasis supplied]
Based on this provision, Peninsular filed an action for declaratory judgment against the aforementioned plaintiffs, as well as Manuel Vazquez, Jr., Orlando Vazquez, and Rodelio Pena, seeking a determination that no insurance coverage existed under Peninsular's policy of insurance.
The declaratory judgment action was bifurcated for trial and went to the jury on the single issue of whether the use of the van was occasional and infrequent. The jury found that it was, which activated the policy coverage. Peninsular's post trial motion for a directed verdict was granted.
The test by which we are governed on review of the granting of a motion for directed verdict is whether there is any reasonable evidence upon which a jury *962 could legally predicate a verdict in favor of the nonmoving party. The movant admits all of the facts shown in the evidence and admits to every reasonable inference favorable to the adverse party. Tiny's Liquors, Inc. v. Davis, 353 So.2d 168 (Fla. 3d DCA 1978) and cases cited therein. Where the evidence is in conflict or different conclusions or inferences may be drawn from it, the motion must be denied. Martin v. Kendall, 96 So.2d 668 (Fla. 3d DCA 1957), cert. dismissed, 102 So.2d 727 (Fla. 1958). In directing a verdict, the trial court in effect takes an issue away from the jury and decides the issue itself as a matter of law. Scott v. Davis, 188 So.2d 864 (Fla. 1st DCA 1966).
Guided by these standards, our responsibility is to search the record to ascertain whether there is any reasonable evidence to show that the use of the vehicle was occasional and infrequent.
M.V. Supplies, Inc. was engaged in the sale of automotive paint and paint supplies to the automotive repair trade. The corporation owned and used two other vans in addition to Manuel, Sr.'s van, which was involved in the accident. The van contained paint charts, shelves, and other items peculiar to the business. It was generally equipped in the same manner as the two vans owned by the corporation. The defendant, Pena, had been employed by M.V. Supplies, Inc. for approximately three to four months. He performed various jobs around the plant in addition to serving as a delivery man. While the van in question was used less frequently than the other vans, it was the only vehicle ever used by Pena during the course of his deliveries, which were from ten to twenty days a month, over the three to four-month period of his employment. Appellants concede this fact, but claim that it was only used during a small portion of the day. Our review of the record demonstrates, however, that during partial days of utilization, the van was in operation for a period of four to six hours. Orlando testified that the use of the van by M.V. Supplies, Inc. was frequent. Although Mr. Vazquez, Sr. had a set of keys to the van and could use it at any time, in fact, he seldom did.
The insurance premiums for the van were paid for by M.V. Supplies, Inc. The corporation paid for the inspection sticker, license, gas, maintenance, and repair. Such expenses were deducted by the corporation for tax purposes. The van was garaged at the corporate place of business.
The terms "infrequent and occasional" are unambiguous and therefore must be given their natural meaning. Ranger Insurance Company v. Harrell, 286 So.2d 261 (Fla. 2d DCA 1973); Peninsular Life Insurance Company v. Rosin, 104 So.2d 792 (Fla. 2d DCA 1958). "Occasionally" is defined by Webster's New Collegiate Dictionary (1977 Edition) as "met with, appearing, or occurring at irregular or infrequent intervals." "Infrequent" is defined as "(1) seldom happening or occurring: RARE, (2) placed or occurring at wide intervals in space or time." When the words are employed in the conjunctive in the present policy, they further limit the type of use available under the endorsement.
Having viewed the record as did the able trial judge, we entirely agree with the conclusion that the use of the vehicle was too substantial to fall within the ambit of occasional or infrequent use. Consequently, we find that in accordance with defendant's motion for directed verdict the trial court properly decided as a matter of law that coverage should be denied.
Affirmed.