426 So.2d 1107 (1983)
M.E. CHARLESWORTH, LIMITED, Appellant,
v.
Mario PEREZ, Appellee.
No. 82-1177.
District Court of Appeal of Florida, Third District.
February 1, 1983.
Rehearing Denied March 9, 1983.
McDonald & McDonald and Richard G. Doggett, Miami, for appellant.
Silver, Levy & Hershoff and Jay M. Levy, Ser, DeCardenas, Levine, Busch & Allen, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
By stipulation of the parties, the sole disputed issue in the case was whether Perez, the insured whose boat was stolen, had complied with the requirement of the insurance *1108 policy that his boat be stored or kept at one of certain designated places, including a "marina." As it was required to do, the trial court gave the term "marina" the broadest definition possible to provide coverage, DaCosta v. General Guaranty Ins. Co. of Florida, 226 So.2d 104 (Fla. 1969); Shelby Mutual Insurance Co. of Shelby v. Manchester, 376 So.2d 266 (Fla. 2d DCA 1979), and correctly determined that the term "marina" may reasonably include, as the proof showed, an apparently unfashionable, unfenced lot upon which there was a building and stored boats, and adjoining which there was a boat ramp, dock, moorings, and a houseboat wherein the manager of the facility (who collected monthly boat storage fees and ramp-user charges from Perez and others) lived.[1] Because, at least when it comes to construing an insurance policy, these things do a "marina" make,[2] it follows that the trial court properly directed a verdict for the insured and properly rejected the insurer's offers of proof which, at most, would have shown that, in the view of others, the place where Perez stored his boat did not meet their definition of a marina.
Affirmed.
NOTES
[1] Judge Schwartz's observation in the obverse case of Puente v. Arroyo, 366 So.2d 857, 858 (Fla. 3d DCA 1979), that while "the term `cat' may include a lion, it cannot include a dog," does not preclude coverage where a boat is stored in a dog of a marina, which is nonetheless a marina.
[2] It may very well be that the insured would prevail even unaided by the rule requiring an expansive definition of terms in insurance policies relating to coverage. For example, Section 159.02(21), Florida Statutes (1981), defines marinas as "any facilities for the sale, repair, rental, storage, and servicing of boats." See also Bunch v. Abel, 256 Md. 212, 260 A.2d 19, 21 (1969) (marina is a dock or basin providing secure moorings for motorboats and yachts and often offering supplies, repairs and other facilities).