447 So.2d 945 (1984)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Juan YANES, Appellee.
No. 83-1638.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Rehearing Denied April 25, 1984.
*946 Talburt, Kubicki & Bradley and Betsy E. Hartley and Gail L. Kniskern, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Yanes was the operator of a delivery van owned by his employer. In the course of his employment, he parked the vehicle in a space adjacent to the company's warehouse, got off the truck, unloaded a package and was crossing the street when he was struck by an uninsured motor vehicle. It was upon these salient facts that he prevailed in an action for declaratory judgment against the State Farm policy issued to his employer. We reverse.
The policy defines insured, for purposes of uninsured motorist coverage, as:
any other person while occupying:
1. your car, a temporary substitute car or a newly acquired car. Such car has to be used within the scope of the consent of the first person named in the declarations or that person's spouse or....[1]
It also states that the word "occupying" means "in, on, entering or alighting from."
This court, in considering almost identical policy language, has stated:
We think that a rational limit to the activity that may be said to be encompassed within the term "alighting from" is the time and place at which the insured shows an intention, evidenced by an overt act based on that intention, to undertake a new direction or activity. (citations omitted)
Fidelity & Casualty Co. of New York v. Garcia, 368 So.2d 1313 at 1315 (Fla. 3d DCA), cert. denied, 378 So.2d 344 (Fla. 1979). The evidence in this case shows that the plaintiff had ceased the activity of "alighting from" the truck and had commenced the new activity of walking across the street.[2] Accordingly, we hold that he was not an insured under the uninsured motorist provision of the policy.
Reversed and remanded with directions to enter judgment for the insurer.
NOTES
[1] There are other definitions of insured under the uninsured motorist section of the policy, none of which are applicable here.
[2] We reject the insured's claim that we must look to the subjective intent of the party in order to determine the commencement of a new activity. Were we to adopt such a test, there would be no limit to an insurer's responsibility.