William THIEM, Plaintiff-Appellant,

v.

The HERTZ CORPORATION, d/b/a The Hertz Corporation Car Leasing Division, Defendant-Appellee.

No. 83–5194.

United States Court of Appeals, Eleventh Circuit.

May 29, 1984.

**1560**

Leslie King O'Neal, Orlando, Fla., for plaintiff-appellant.

Betsy Hartley, Miami, Fla., for defendant-appellee.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

RONEY, Circuit Judge:

This case involves a claim under Florida law for uninsured motorist benefits which plaintiff claims the lessor of the motor vehicles leased to his employer should have provided. The plaintiff, William Thiem, was hit by an automobile shortly after exiting a vehicle leased to his employer by the defendant, The Hertz Corporation. The driver of the car was insured for only $10,000. Unable to obtain full compensation from the driver, Thiem made a claim against the insurance coverage provided by Hertz. Under the lease contract, Hertz was to insure the automobiles leased to Thiem's employer, Bell Brokerage. Hertz denied liability on the grounds that the lease contract does not include uninsured motorist protection. Thiem then filed this suit seeking a declaration that he was entitled to such coverage. We affirm the grant of summary judgment to the defendant.

Although a factual determination would be required to determine if the defendant was responsible at all for uninsured motorist protection, it is assumed on appeal, as it was by the district court, that the plaintiff was entitled to recover against defendant as if uninsured motorist protection had been included in the coverage required by the lease.

Thiem presented three theories to the district court in support of his position that he was entitled to uninsured motorist protection: (1) such coverage is required by the lease; (2) such coverage is required by statute; and (3) Bell Brokerage requested such coverage and Hertz negligently failed to provide it. The district court held that issues of fact foreclosed summary judgment on the last theory, but that even if Hertz had provided uninsured motorist coverage under the terms of the lease, Florida statutory law did not entitle Thiem to protection when he was not in the insured automobile at the time of the injury.

Theim argues that Bell Brokerage was deprived of its right under Fla.Stat.Ann. § 627.727 as a long-term lessee to have the sole privilege to reject uninsured motorist coverage. Under that statute, unless a named insured rejects or selects lesser coverage, uninsured motorist coverage is by operation of law equal to the general liability coverage. *Lancaster Oil Co. v. Hartford Accident & Indemnity Co.*, 486 F.Supp. 399, 401 (N.D.Fla.1980). That law applies only to a named insured.

> The lease agreement provided as follows:
>
> Lessor agrees at its sole expense to obtain and maintain during the term of this lease public liability and property damage insurance for each automobile leased hereunder protecting and naming the other party hereof as additional assured, against loss, liability and expense in amounts of not less than Five Hundred Thousand Dollars ($500,000) per person per accident, and subject to that limitation for each person, One Million Dollars ($1,000,000) per accident, and One Hundred Thousand Dollars ($100,000) per accident for damage to property.

Until 1975, Hertz provided the insurance required by the lease by maintaining a policy in its name with Lloyd's of London. Since 1975, Hertz has met its insurance obligations by qualifying under Florida law as a self-insurer.

In *Mattingly v. Liberty Mutual Insurance Co.*, 363 So.2d 147, 149 (Fla.Dist.Ct. App.1978), *cert. denied*, 370 So.2d 460 (Fla. 1979), a Florida District Court of Appeal held § 627.727 only gives insureds who are

"named", as opposed to "additional", the right to reject uninsured motorist coverage. The lease agreement provided that Hertz would obtain insurance "protecting and naming [Bell] as additional assured." Under this language Bell is an additional insured. Florida law clearly distinguishes between the rights of named and additional insureds under § 627.727. *See Whitten v. Progressive Casualty Insurance Co.*, 410 So.2d 501 (Fla.1982).

■ Even assuming, however, that Bell was a named insured and was covered by uninsured motorist protection, that would not cover Thiem for an accident outside of an insured automobile. Under no interpretation of the lease agreement would Thiem be a named insured. Under Florida law, anyone other than a named insured is not covered by uninsured motorist protection unless he is "occupying" the insured automobile at the time of his accident. The following analysis by the district court on this issue was correct:

D. The Scope of Uninsured Motorist Coverage

Having concluded that Thiem may be entitled to some form of uninsured motorist coverage, it is necessary to determine whether such coverage extends to the injuries alleged in the complaint. Specifically, assuming Thiem can prove Bell Brokerage requested and was promised uninsured motorist coverage, would such coverage insure Thiem while he was crossing a street or would it be limited to injuries occurring while Thiem was actually using a Hertz automobile?

Uninsured motorist insurance typically covers the named insured at all times, but persons other than the named insured only while they are operating or occupying the insured automobile. *See* Fla.Jur.2d, *Insurance* § 773. Thus, for example, in *Velasquez v. American Manufacturers Mutual Insurance Co.*, 387 So.2d 427 (Fla. 3d DCA 1980), the Court upheld the denial of uninsured motorist coverage to an automobile lessee who was not a named insured and who was injured, not while using the leased automobile, but while walking across a street. The Court explained that the insurance policy covering the leased automobile was issued to the lessor and provided uninsured motorist coverage to lessees only while they were actually occupying the automobile.

The Court considered a similar issue in *Fidelity & Casualty Company of New York v. Garcia*, 368 So.2d 1313 (Fla. 3d DCA), *cert. denied*, 378 So.2d 344 (Fla. 1979). Garcia, who was not a named insured, was injured after she exited an insured automobile and began to cross a street. The Court found that Garcia was not entitled to uninsured motorist coverage because the insurance policy provided uninsured motorist coverage only to persons "occupying an insured automobile." The policy defined "occupying" as "in or upon or entering into or alighting from." The Court explained that once Garcia exited the automobile and began to cross the street, she was no longer "alighting from" the automobile and was no longer entitled to uninsured motorist coverage.

*Velasquez* and *Garcia* compel the conclusion that Thiem is not entitled to uninsured motorist coverage for the injuries alleged in the complaint. As in *Velasquez*, the insurance in this case was issued to the lessor, not the lessee. Because Hertz was the only named insured, Thiem is entitled to coverage only for injuries occurring while he was operating or occupying the Hertz automobile. Like Garcia, Thiem was not operating or occupying the insured automobile, but rather walking across a street, when he was injured. Accordingly, even assuming Thiem is entitled to some form of uninsured motorist coverage, such coverage does not extend to the alleged injuries.

The Florida Supreme Court opinion in *Mullis v. State Farm Mutual Automobile Insurance Co.*, 252 So.2d 229 (Fla.1971),

supports the district court's decision as to the law of Florida.

When uninsured motorist coverage was obtained by Shelby Mullis pursuant to Section 627.0851 for himself as the named insured, for his spouse and for his or his spouse's relatives who are residents of his household, they were given the same protection in case of bodily injury as if the uninsured motorist had purchased automobile liability insurance in compliance with the Financial Responsibility Law. This, of course, would not be the case as to other persons potentially covered who are not in the class of the named insured and relatives resident in the Mullis household. These latter are protected only if they receive bodily injury due to the negligence of an uninsured motorist while they occupy the insured automobile of the named insured with his permission or consent. This latter group is necessarily restricted to occupants of the insured automobile for the purpose of coverage identification and to show their insurable relationship to the named insured paralleling coverage for others than named insured in automobile liability policies.

252 So.2d at 233.

Plaintiff suggests that the cases involving individuals should not apply to a corporation because only individuals could be protected by this aspect of uninsured motorist coverage and therefore it would be nonsensical to hold that no employee is covered unless a named insured. The Florida Supreme Court has rejected similar reasoning in deciding that the declaration of a corporation as the named insured of a personal injury protection insurance policy does not have the effect of making the corporation's employees named insureds. *Travelers Insurance Company v. Bartoszewicz*, 404 So.2d 1053, 1054–55 (Fla.1981).

■ We note the problem with jurisdiction in this Court because the notice of appeal was not signed by counsel, although counsel's and the appellant's names were typed on the notice. The district court clerk returned the unsigned notice. Signing and returning promptly would probably have preserved the original timely filing date, if the notice had to be signed at all. Rule 11 of the Federal Rules of Civil Procedure states:

If a pleading, motion, or other paper is not signed, it shall be stricken *unless* it is signed promptly after the omission is called to the attention of the pleader or movant.

Fed.R.Civ.P. 11 (emphasis added). Rather than signing the notice and returning it to the clerk, counsel moved for an extension of time. The extension was granted, but in a display of practice that was less than diligent, the notice was not signed within the time extended by the court. The court refused a second extension.

In our judgment, however, the notice with the typed names of counsel and appellant was sufficient to give this Court jurisdiction. The district court clerk would have been better advised to retain the unsigned notice and call for a signed notice to be substituted. Federal Appellate Rule 3(a) specifically provides that:

Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.

The provision for content of the notice of appeal, and the lack of any rigidness in connection therewith, is found in Federal Appellate Rule 3(c):

The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal. An appeal shall not be dismissed for informality of form or title of the notice of appeal.

The Federal Rules of Appellate Procedure have no provision for signing pleadings, as is found in Rule 11, Fed.R.Civ.P. There is some doubt as to whether that Rule applies to notices of appeal at all. In any event, it appears clear that the rules do not require a decision that this Court is without jurisdiction to hear this appeal. *See* 9 J. Moore & B. Ward, *Moore's Federal Practice,* ¶ 203.17, at 3–72 & n. 17 (2d Ed.1983).

AFFIRMED.