463 So.2d 1191 (1985)
Sandra DAVIS, As Personal Representative of the Estate of Neil Allen Davis, Deceased, Appellant,
v.
FIREMAN'S FUND INSURANCE COMPANY, Appellee.
No. 83-2520.
District Court of Appeal of Florida, Second District.
January 18, 1985.
Rehearing Denied February 20, 1985.
*1192 Edward C. Rood, Jr. of Rood & Webster, and Mary Ann Stiles of Stiles & Allen, Tampa, for appellant.
Bruce A. Walkley of Walkley, Stuart & Macy, Tampa, for appellee.
PER CURIAM.
Davis is the personal representative of the estate of Neil Allen Davis, a tow truck operator who was struck and killed by an uninsured motorist while changing a tire on a disabled vehicle on Interstate 275 in Tampa, Florida. Gillette Auto Center had expressly consented to have the deceased use their wrecker. At the time of the accident, the deceased was outside the wrecker changing the rear tire on the passenger side of the vehicle. On these facts the trial court entered a declaratory judgment in favor of Fireman's Fund, Gillette's insurer, finding that the deceased was not entitled to uninsured motorist benefits as he was not "occupying" the wrecker owned by Gillette Auto Center when he was killed. We affirm.
The uninsured motorist section of Gillette's policy defines an insured as "anyone ... occupying a covered auto." The term "occupying" is defined as "in, upon, getting in, on, out or off." When the language of an insurance contract is unambiguous, as we believe it is here, the language must be given its plain, ordinary, and popular meaning, the same as any other contract. Carter v. Peninsular Fire Insurance Co., 411 So.2d 960 (Fla. 3d DCA 1982). Even applying, as we must, the most liberal interpretation of the language possible to achieve coverage, M.E. Charlesworth, Ltd. v. Perez, 426 So.2d 1107 (Fla. 3d DCA 1983), we simply cannot say that the deceased was "occupying" the wrecker when he was struck and killed. See Testone v. Allstate Insurance Co., 165 Conn. 126, 328 A.2d 686 (1973) (wrecker operator, who was injured when a disabled car was struck by an uninsured motorist after wrecker had lifted the car and who, at the time of the accident, was preparing to enter the car, was not "in or upon, or entering into or alighting from" the wrecker and, therefore, not "occupying" the wrecker so as to fall within his employer's uninsured motorist coverage).
Affirmed.
DANAHY, A.C.J., LEHAN, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.