519 So.2d 39 (1987)
WEST AMERICAN INSURANCE COMPANY, Appellant,
v.
Joy M. LOVETT, etc., Appellee.
No. 87-755.
District Court of Appeal of Florida, Fifth District.
December 24, 1987.
Rehearing Denied January 25, 1988.
*40 J. David Walsh of Cameron, Marriott, Walsh & Hodges, P.A., Daytona Beach, for appellant.
Anthony I. Provitola, P.A., Deland, for appellee.
COWART, Judge.
James Aaron Lovett, Jr., was operating, with permission of the owner, a pickup truck with uninsured motorist (UM) coverage on a highway when he came upon and passed the scene of a hit-and-run accident involving a wrecked bicycle and a fatally injured bicyclist. The pickup truck ran over bicycle debris, some of which became imbedded in the pickup truck tires. Mr. Lovett stopped the pickup truck off the highway about two hundred feet past the hit-and-run accident scene, got out of the pickup truck, and had walked about one hundred feet on the grass alongside the highway back toward the injured bicyclist when Mr. Lovett was himself struck and fatally injured by an uninsured motor vehicle which had swerved off the road to avoid the bicycle wreckage.
Appellee, Mr. Lovett's personal representative, brought a law action against appellant insurer claiming Mr. Lovett's estate and dependents were entitled to UM coverage benefits under the owner's insurance policy on the pickup truck. On the stipulated facts, the trial court found for the personal representative and against the insurer, which insurer appeals. We reverse.
Because Mr. Lovett was not a family member residing with the owner of the pickup truck,[1] the UM policy provided Mr. Lovett coverage only if he were a person "occupying" the covered vehicle. On the stipulated facts, as a matter of law, Lovett was not occupying the pickup truck at the time of the accident causing his bodily injuries and death. See, e.g., Davis v. Fireman's Fund Insurance Co., 463 So.2d 1191 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla. 1985); State Farm Mutual Automobile Insurance Co. v. Yanes, 447 So.2d 945 (Fla. 3d DCA 1984); Velasquez v. American Manufacturers Mutual Insurance Co., 387 So.2d 427 (Fla. 3d DCA 1980); Fischer v. Aetna Insurance Co., 65 Misc.2d 191, 317 N.Y.S.2d 669, affirmed, 37 A.D.2d 917, 325 N.Y.S.2d 1012 (1971).
The personal representative urges that Mr. Lovett was obligated by statute to stop and render aid to the injured bicyclist, and that this court therefore should find Lovett to have been occupying the pickup truck while he walked back towards the bicyclist in discharge of his duty. See §§ 316.027 and 316.062(1), Fla. Stat. We reject this argument. The fact some of the bicycle debris became imbedded in the pickup truck tires when Lovett passed the scene of the hit-and-run bicycle accident several minutes after that accident had occurred does not make Lovett "the driver of any vehicle involved in an accident resulting in injury or death of any person ..." within the meaning of sections 316.027 and 316.062(1). The hit-and-run accident resulting in the injury or death of the bicyclist was completed before Mr. Lovett came upon the hit-and-run accident scene. Therefore, Lovett was not obligated to stop and render aid to the injured bicyclist in the first place.
The judgment for the personal representative is reversed and judgment is hereby entered in favor of the appellant insurer.[2]
REVERSED.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] The owner of the pickup truck was Mr. Lovett's mother.
[2] As it is not presented by this appeal, this opinion is necessarily without prejudice to any claim Mr. Lovett's survivors may have against the UM insurer under the Wrongful Death Statute and this court's decision in Webster v. Valiant Insurance Co., 512 So.2d 971 (Fla. 5th DCA 1987).