858 So.2d 1238 (2003)
ALAMO RENT-A-CAR, INC., etc., Appellants,
v.
Yvonne HAYWARD, et al., Appellees.
No. 5D03-224.
District Court of Appeal of Florida, Fifth District.
November 14, 2003.
*1239 Walter A. Ketcham, Jr., and Ramon Vazquez of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellants.
V. Rand Saltsgaver of Law Offices of V. Rand Saltsgaver, Orlando, for Appellees.
PARSONS, W., Associate Judge.
This case arises from a Final Partial Summary Judgment finding that the appellees were entitled to the benefit of underinsured motorist (hereinafter referred to as UM) coverage with National Union Fire Insurance Company. The essential facts below are without dispute.
Yvonne Hayward and her son, Benjamin Hayward, were struck and injured while pedestrians at a flea market in Kissimmee on November 13, 1997 by an underinsured motorist. The Haywards were visitors to Florida from England where they had made arrangements, before their arrival, for a rental car from Alamo Rent-A-Car for their short stay. In conjunction with the rental vehicle they purchased EP (extended protection) for a fee of $11.99 per day which included, among other things, UM benefits under certain circumstances. The extended protection was described in the Rental Agreement jacket which provided underinsured motorists single limit coverage of $1,000,000. The contract for benefits clearly and unambiguously stated that the UM protection was limited to the vehicle renter, or a family member, while physically occupying the Alamo rental car when it was being driven by the renter, or an authorized driver, who suffers bodily injury or death by a negligent underinsured motorist or a negligent hit and run driver.
Alamo Rent-A-Car is a self insured entity required only to provide minimal statutory liability coverage of $10,000/$20,000, property damage and PIP coverage, to its renters under Florida's Financial Responsibility Law. Florida does not require self-insured automobile leasing companies to offer underinsured motorist coverage to its lessees for leases that are less than one year in duration. Diversified Servs., Inc. v. Avila, 606 So.2d 364 (Fla.1992).
*1240 In this case, Alamo had waived underinsured motorist coverage, which is effective against the rentee. Alpha Rent-A-Car, Inc. v. Guzman, 497 So.2d 276 (Fla. 3d DCA 1986), review denied, 506 So.2d 1041 (Fla.1987). The fee or premium paid by the Haywards was paid in exchange for making them additional insureds under the policy issued by National Union First Insurance Company to Alamo Rent-A-Car, Inc., the named insured.
The question presented by this appeal is whether or not the UM protection provided by National Union to the Haywards as additional insureds on the Alamo Rent-A-Car policy, with its restrictions limiting coverage to injuries sustained while occupying the rental vehicle, violates public policy. The public policy of this state is defined under Florida Statutes, Section 627.727(1) which provides:
No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in the state with respect to any specifically named insured or identified motor vehicle registered or principally garaged in the state unless uninsured motor vehicle coverage is provided therein or supplement thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ...
Florida's public policy for Class I insureds was clearly stated in Mullis v. State Farm Mutual Automobile Insurance Company, 252 So.2d 229 (Fla.1971).[1] The supreme court made it very clear that all policies issued for named insureds in Florida must contain the same policy language and that such language was not to be "whittled away" by exclusions and exceptions. Class I insureds, any named insured or resident relative, are covered so long as the injury is caused by an uninsured motorist. Government Employees Ins. Co. v. Douglas, 654 So.2d 118 (Fla. 1995).
In this case the facts indicate and the trial court concluded that the Haywards were Class II insureds since they neither owned the vehicle, had been issued a policy or were named insureds. The trial court found that the public policy requiring the broader UM coverage applied to Class II as well as Class I insureds under the facts of this case. The determinative question is, therefore, whether the exclusions that do not provide UM coverage when the claimant is not physically occupying the vehicle are enforceable.
In Velasquez v. American Manufacturers Mutual Insurance Company, 387 So.2d 427 (Fla. 3d DCA 1980), Raul Velasquez rented a vehicle from Tropical Chevrolet in Miami while his vehicle was being repaired. His son, Manuel Velasquez, drove the rental vehicle which broke down and was abandoned. While walking to a service station, Manuel Velasquez was hit and injured by a hit and run driver. In construing Mullis, the court found as follows:
The policy in the present instance was not issued to Manuel's father. It was issued to Tropical Chevrolet. Tropical was the owner. By special provision of the policy, uninsured motorist protection was extended to any person while occupying *1241 the insured automobile. This provision did not limit the statutorily required coverage to owners but was in addition thereto. Neither this court nor the trial court is authorized to extend coverage beyond the plain language of the policy in the absence of ambiguity, waiver, estoppel or contradiction of public policy. None of these exceptions were proved in the trial court.
Id. at 428 (citations omitted).
Similar exclusions have been found valid in State Farm Mutual Automobile Insurance Company v. Yanes, 447 So.2d 945 (Fla. 3d DCA 1984), and Davis v. Fireman's Fund Insurance Company, 463 So.2d 1191 (Fla. 2d DCA 1985), review denied, 471 So.2d 43 (Fla.1985). In Yanes, an employee was the operator of a delivery van owned by his employer and while in the course of his employment parked the vehicle near the company warehouse. After leaving the vehicle and while crossing the street, the employee was struck by an uninsured motor vehicle. The policy provision restricting uninsured motorist coverage to any person occupying a vehicle was upheld. In Davis, a tow truck operator was struck and killed by an uninsured motorist while changing a tire on a disabled vehicle while away from the tow truck. The policy language limiting uninsured motorist coverage to "anyone ... occupying a covered auto" was upheld.
Similarly, this court in West American Insurance Company v. Lovett, 519 So.2d 39 (Fla. 5th DCA 1987), review denied, 525 So.2d 879 (Fla.1988), approved a coverage provision limiting UM coverage to a person occupying the covered vehicle for a Class II insured relying on Yanes and Velasquez. Mr. Lovett was the permissive operator of a pickup truck with uninsured motorist coverage when he came upon and passed the scene of a hit-and-run accident involving a wrecked bicycle and a fatally injured bicyclist. The pickup truck ran over bicycle debris, some of which became embedded in the pickup truck tires. Mr. Lovett stopped the pickup truck off the highway about 200 feet past the hit-and-run accident scene, got out of the pickup truck, and walked about 100 feet on the grass along side the highway back toward the injured bicyclist when he himself was struck and fatally injured by an uninsured motor vehicle. This court concluded that since Mr. Lovett was not a family member residing with the owner of the pickup truck, the UM policy provided Mr. Lovett coverage only if he were a person "occupying" the covered vehicle which, in this case, was not applicable. Velasquez, Yanes, Davis and Lovett were all claims by Class II insureds.
It is apparent that the public policy of this state is to require that named and other Class I insureds who own the vehicle or actually purchased the policy have the benefit of full and unrestricted uninsured motorist coverage. Mullis. On the other hand, the public policy of this state has not been offended by a more limited coverage in situations involving Class II or additional insureds. The cases interpreting those situations have all permitted the issuance of policies that restrict the coverage to injuries or death that occur while the insured is occupying the vehicle. Since the Haywards suffered their injuries while pedestrians and not while occupying the vehicle, they are not covered by the provisions of the contract with Alamo Rent-A-Car, or under the policy exclusion contained in the National Union Fire Insurance Company policy. As the Fourth District pointed out in Auto Owners Insurance Company v. Potter, 774 So.2d 859 (Fla. 4th DCA 2000), Mullis involved Class I insureds while Potter, on the other hand, was a Class II insured "and, as such, could claim uninsured motorist coverage ... only by virtue *1242 of the existence of an insurance policy covering the vehicle he occupied at the time of the collision." Id. at 861 (footnote omitted) (citation omitted). In this case, the undisputed facts show the Haywards were additional or Class II insureds. As such the contract between the parties is valid and does not violate public policy.
The Final Partial Summary Judgment entered by the trial court is reversed with instructions to enter Judgment in favor of the appellants on the issue of UM coverage.
REVERSED and REMANDED with instructions.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] A distinction has long been recognized in the law of UM coverage between Class I and Class II insureds. In a family auto policy, Class I includes the named insured and family members who receive UM coverage both as occupants of a vehicle and in other circumstances. Class II insureds include all other passengers in the vehicle who are covered only by virtue of the fact that they occupy the covered vehicle. Travelers Ins. Co. v. Warren, 678 So.2d 324 (Fla.1996).