SENTRY INSURANCE COMPANY, Plaintiff-Appellant, v. PROVIDENCE WASHINGTON INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 79–182. Submitted on briefs July 6, 1979.— Decided August 9, 1979.*
(Also reported in 283 N.W.2d 455.)

† Petition to review denied.

458

For the plaintiff-appellant the cause was submitted on the brief of *Bernard T. McCartan* and *Brennan & Collins* of Milwaukee.

For the defendant-respondent the cause was submitted on the brief of *K. E. Kilmer* and *Kasdorf, Dall, Lewis and Swietik* of Milwaukee.

Before Decker, C.J., Cannon, P.J. and Moser, J.

CANNON, P.J.    On July 10, 1971, Jerome Stujenske was sitting in an automobile, owned by Raymond Kurkowski, which had just stopped at a curb. Stujenske, who was seated in the back seat of the Kurkowski automobile, exited the car on the left-hand side, and walked in front of the Kurkowski automobile in order to get onto the sidewalk. While Stujenske was in front of the Kurkowski automobile, the Kurkowski automobile was struck from the rear by an uninsured motorist. The impact

forced the Kurkowski automobile forward until it struck an automobile parked in front of it, in the process pinning Stujenske between the automobiles.

The Kurkowski automobile was insured by the defendant, Providence Washington Insurance Company. Stujenske owned an automobile insured by the plaintiff, Sentry Insurance Company. Sentry paid Stujenske $15,000, the policy limits under his uninsured motorist coverage. Sentry then brought the present action against Providence, contending that Providence had the primary coverage with respect to the accident, and claiming that Sentry was entitled to indemnification for the money it paid Stujenske. Providence contended at trial, and contends on appeal, that there was no coverage under its policy, because Stujenske was not "occupying" the Kurkowski automobile at the time of collision.

A trial was held December 7 and 8, 1978, at the conclusion of which the court found that Stujenske was not occupying the Kurkowski vehicle at the time of the accident. The trial court therefore dismissed Sentry's complaint against Providence. On appeal, Sentry contends that the judgment of the trial court was incorrect. We agree.

▉▉▉

The policy issued by Providence to Kurkowski provides: "The word 'occupying' means in or upon or entering into or alighting from." The Wisconsin Supreme Court has never required that a defendant have physical contact with an automobile before that person can be termed an "occupant" under automobile insurance policies. In *Moherek v. Tucker*, 69 Wis.2d 41, 47, 230 N.W. 2d 148, 151 (1975), the court approvingly quoted the language in *Matter of Allstate Ins. v. Flaumenbaum*, 62 Misc.2d 32, 46, 308 N.Y.S.2d 447 (1970):

[A] person has not ceased "occupying" a vehicle until he has severed his connection with it—*i.e.*, when he is on his own without any reference to it. If he is still vehicle-oriented, as opposed to highway-oriented, he continues to "occupy" the vehicle. *See also State-Wide Ins. Co. v. Murdock*, 25 N.Y.2d 674, 306 N.Y.S.2d 678, 254 N.E.2d 908 (1969).

A factually similar case to the one at hand is *Whitmire v. Nationwide Mutual Insurance Company*, 254 S.C. 184, 174 S.E.2d 391 (1970). In that case, a passenger had exited from an insured automobile onto the paved roadway, and was in the process of walking in front of the insured automobile to reach the shoulder of the highway, when the insured automobile was struck from the rear by an uninsured motorist. The impact pushed the insured automobile into the plaintiff. The court, in holding that the plaintiff was still in the process of "alighting from" the insured auto at the time of the accident, noted:

"Alighting from" must . . . extend to a situation where the body has reached the point when there is no contact with the vehicle. Where the act of alighting is completed is uncertain. It must be determined under the facts of each case, considered in the light of the purpose for which coverage is afforded. . . . It is reasonable to conclude that coverage was intended to protect a guest against the hazards from passing automobiles in the vicinity, while the guest, although not "in" or "upon" the vehicle, is still engaged in the completion of those acts reasonably to be expected from one getting out of an automobile under similar conditions.

We hold that Stujenske had not ceased occupancy of the car, nor had he severed his connection with the car, at the time of the accident. He was "vehicle oriented" at all times, from the moment he exited the automobile

until the time he was injured by the uninsured motorist. He had not completed his act of alighting from the car.

The findings of a trial court will not be upset on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Milbauer v. Transport Employes' Mut. B. Society,* 56 Wis.2d 860, 862–63, 203 N.W.2d 135, 137 (1973). The trial court's finding that Stujenske was not an occupant of the automobile at the time of the accident was against the great weight and clear preponderance of the evidence. Therefore, this court reverses the judgment of the trial court. We remand and order the judgment to be modified consistent with our finding that Stujenske was an "occupant" of the Kurkowski vehicle within the meaning of the Providence insurance policy, at the time of the collision.

*By the Court.*—Judgment reversed and cause remanded.