616 So.2d 489 (1993)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Appellant,
v.
Wladimir TANCHUK a/k/a Walter Tanchuk, and Patricia Tanchuk, his wife, Appellees.
No. 92-3253.
District Court of Appeal of Florida, Fourth District.
March 10, 1993.
Rehearing or Certification Denied April 30, 1993.
Jeffrey A. Blaker of Berger & Shapiro, P.A., Fort Lauderdale, for appellant.
Brian J. Glick of Brian J. Glick, P.A., Boca Raton, for appellees.
Rehearing En Banc or Certification Denied April 30, 1993.
GLICKSTEIN, Chief Judge.
This is an appeal by an uninsured motorist insurer from a summary final judgment entered in favor of appellee, a tow truck driver, employed by Rangeline Auto Service and George M. Bobko to drive their tow truck. On the night of July 14, 1988, appellee was called to assist Indrawan Sutantri, whose Toyota was said to have a flat tire. When he got to the scene on Palmetto Park Road appellee found that the vehicle was in a ditch in three feet of water, placed the tow truck in the far right lane, hooked the motorist's Toyota automobile to the tow truck and lifted the Toyota out of the ditch and onto the right lane of the road by means of a remote controlled winch. Appellee then noticed that the Toyota had two flat tires and therefore could not be towed, but would have to be carried by flat bed. He went to the cab of the tow truck, opened the door half way, and with a hand on the door reached for the microphone of the radio to call his employer. As he did this he heard screams from the Toyota, which was occupied by Mr. Sutantri. He dropped the microphone and ran back to see what was going on and saw the lights of another car. A Pontiac was heading straight for the Toyota. When the Pontiac struck the Toyota, the Toyota was pushed toward where appellee was standing, between the rear of the tow truck and the rear of the Toyota. The Pontiac clipped appellee and threw him forty feet into the air. He landed in the ditch. The cable of the tow truck hit appellee in the left arm. Appellee thought he was touching the cable when the Pontiac hit. The Toyota was pushed past the tow truck by the impact and was back in the ditch. After hitting the Toyota and clipping appellee the Pontiac hit the back of the tow truck. *490 All of this happened in a matter of seconds. Appellee remained conscious at all times pertinent.
Learning that the Pontiac was uninsured, appellee filed a declaratory action against appellant, the insurer of the tow truck for uninsured motorist benefit, which filed a summary judgment motion, based on the contention that as a Class II insured appellee had to be occupying the tow truck at the time of the accident to be eligible for uninsured motorist benefits, and that appellee was not occupying the tow truck at the time.
Appellee filed a cross motion for summary judgment, maintaining he was at times pertinent occupying the tow truck. Liberty Mutual, appellee's own auto insurer, joined the declaratory judgment suit, and made much the same assertions as appellee. The trial court granted appellee's cross motion, holding that he was entitled to uninsured motorist benefits under the policy purchased by his employers from appellant. We affirm.
This court has previously held one to be an occupant when blown out of the back of a truck and injured when falling to the roadway. See United States Fidelity & Guar. Co. v. Daly, 384 So.2d 1350, 1351 (Fla. 4th DCA 1980). There we held:
While we are unable to cite any prior decision which is directly in point with our view of "occupying," there is ample authority for extending occupancy beyond physical presence in the vehicle in voluntary self-removal or alighting cases. Industrial Fire and Casualty Insurance Company v. Collier, 334 So.2d 148 (Fla. 3d DCA 1976); Nickerson v. Citizens Mutual Insurance Co., 393 Mich. 324, 224 N.W.2d 896 (1975); Stoddard v. "Aid" Insurance Co. (Mutual), 97 Idaho 508, 547 P.2d 1113 (1976); Nelson v. Iowa Mutual Insurance Company, 163 Mont. 82, 515 P.2d 362 (1973); Whitmire v. Nationwide Mutual Insurance Company, 254 S.C. 184, 174 S.E.2d 391 (1970). See also, Annot., 42 A.L.R.3d 501 (1972); 19 A.L.R.2d 513 (1951). [Emphasis supplied.]
Our companion court's decision in Industrial Fire and Casualty Insurance Co. v. Collier, 334 So.2d 148 (Fla. 3d DCA 1976), involved an insured who was injured when he suffered a flat tire, stopped and was injured while preparing to change the flat tire when his vehicle was struck by another vehicle just when he was removing the spare from his jacked-up vehicle. The third district held that the insured was "occupying" his vehicle and its opinion, as ours, contained a string cite of additional cases.
The decisions of other states for the proposition of "occupying" a vehicle are annotated in Annotation, Automobile Insurance: When is a Person "Occupying" an Automobile Within Meaning of Medical Payments Provision, 42 A.L.R.3d 501 (1972), as our earlier decision cited. This is a case of "occupying" because the policy definition of "occupying" is "in, on, getting into, off or out of."
"Entering" or "alighting" cases were annotated after our decision in Annotation, What Constitutes "Entering" or "Alighting From" Vehicle Within Meaning of Insurance Policy, or Statute Mandating Insurance Coverage, 59 A.L.R.4th 149 (1988). Annotated cases therein include, besides Whitmire, which is mentioned in the excerpt from Daly, Day v. Coca Cola Bottling Co., 420 So.2d 518 (La. App. 1982) (claimant held in act of alighting from his pickup truck, where having stopped his truck and gone to the rear of his truck to see if he could help people in one-car accident he had witnessed, claimant was injured when third vehicle hit his pickup truck); and Sentry Ins. Co. v. Providence Washington Ins. Co., 91 Wis.2d 457, 283 N.W.2d 455 (Wis. Ct. App. 1979) (party was walking in front of the car in which he had been riding when hit by that car, which was impelled forward when hit from behind by another car; party held still alighting from vehicle when injured).
The test is described in Day:
[I]t is not physical contact with the vehicle that serves as a basis to determine whether a person is injured while alighting from a vehicle but it is the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting, that determines this specific coverage.
*491 420 So.2d at 520 (emphasis in original). "Alighting" can be equated with "getting ... off or out of" in the language of the policy in this case; and appellee was in close proximity to the vehicle in time and distance when injured.
We are satisfied that the trial court was correct in its decision; and that the insurer's narrow view of its obligation is unsatisfactory. We are equally satisfied after a review of a number of decisions, annotated and otherwise, that if the trial court and this court are incorrect, we are both in eminent judicial company.
LETTS, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
On the narrow issue before us, I cannot agree the injured party in this case was "occupying" the tow truck when he was injured. See Davis v. Fireman's Fund Ins. Co., 463 So.2d 1191 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla. 1985); State Farm Mut. Auto. Ins. Co. v. Yanes, 447 So.2d 945 (Fla. 3d DCA 1984). Davis reached the opposite conclusion from that of the majority here, under virtually identical circumstances. I also note the injured party is not completely without relief, since it appears his claim is covered by his own personal automobile insurance policy.