660 So.2d 975 (1995)
Margie RADMANN
v.
TRUCK INSURANCE EXCHANGE.
No. 91-CA-01259-SCT.
Supreme Court of Mississippi.
August 17, 1995.
Kevin Lewis, G. Joseph Diaz Jr., Cherry Givens Peters Lockett & Diaz, Jackson; D. Elizabeth Featherston, Jackson, for appellant.
W. Scott Welch, III, William M. Gage, Butler Snow O'Mara Stevens & Cannada, Jackson, for appellee.
EN BANC.

ON PETITION FOR REHEARING
BANKS, Justice, for the Court:
The original opinion in this case is withdrawn and this opinion is substituted therefor.
In this case we are called upon to interpret Wisconsin law. We consider the question of whether a decedent was insured under the provisions of his employer's uninsured motorist insurance policy when he was struck and killed after exiting his truck and attempting to cross a highway. We answer in the affirmative.

I.
The facts of this case are undisputed. Ronald Radmann (Ronald), a Wisconsin resident, was employed as a truck driver by Schoessow, Inc., a Wisconsin corporation with it's principal place of business in Portage, *976 Wisconsin. Schoessow, Inc., was insured under a policy issued by Truck Insurance Exchange (Truck Insurance) which provided uninsured motorist coverage. On December 4, 1989, during the course of his employment, Ronald was traveling from Wisconsin to Louisiana and was to make deliveries in Grenada, Mississippi. He parked his truck in the parking lot of a Wal-Mart store on the north side of Highway 8 in Grenada, and attempted to cross the highway when he was struck and killed by a vehicle driven by uninsured motorist Minnie Pearl Miller (Miller). Ronald's body was found on the south shoulder of the highway, approximately 100 feet from the truck and in the vicinity of a McDonald's restaurant.
On April 3, 1991, Margie Radmann (Radmann), Ronald's wife, filed a complaint against Miller and Truck Insurance for damages for Ronald's death. In its answer, Truck Insurance argued that Ronald was not insured under the uninsured motorist provisions at the time of his death. In addition, Truck Insurance admitted that at the time of the collision, Ronald had not severed his connection with the covered vehicle, however, it alleged that this fact does not evince that Ronald was "occupying" the truck as required by the policy. The company further admitted that Ronald was legally responsible for the truck at the time in question, but again asserted that his legal responsibility has no relationship to his having "occupied" the truck under the policy. Radmann filed a motion for partial summary judgment on the issue of coverage, and Truck Insurance filed a cross-motion for summary judgment. Recognizing the parties' agreement that Wisconsin law governs the issue of coverage, on November 19, 1991, the trial court granted summary judgment in favor of Truck Insurance reasoning that:
1. Ronald was not the named insured under the uninsured motorist provisions of the policy.
2. Ronald was not occupying the truck under Wisconsin law when he was struck.
3. Wisconsin Statutes Annotated § 632.32(1)-(3) did not provide Ronald with a separate and independent source of uninsured motorist coverage. (R 106).
Aggrieved, Radmann filed a notice of appeal on December 16, 1991.

II.
Radmann contends that the trial court erred by holding that Ronald was not "occupying" the truck at the time of the accident, and thus erred by granting summary judgment in favor of Truck Insurance on the basis of this finding.
Wisconsin law, asserts Radmann, does not require a person to be inside the vehicle in order to be deemed as occupying the vehicle. As authority for this contention, Radmann cites Sentry Insurance Company v. Providence Washington Insurance Company, 91 Wis.2d 457, 283 N.W.2d 455 (App. 1979); Moherek v. Tucker, 69 Wis.2d 41, 230 N.W.2d 148 (App. 1975); and Kreuser v. Heritage Mutual Insurance Company, 158 Wis.2d 166, 461 N.W.2d 806 (App. 1990).
Radmann also contends that Truck Insurance admitted in its answer to the complaint that Ronald had not severed his connection with the vehicle when he was injured, thus, by their own admission, Ronald was occupying the truck at time of the accident.
Truck Insurance asserts that under Wisconsin law, words used in insurance policies must be given their common and ordinary meaning which they have in the minds of the average layman. Moherek, 230 N.W.2d at 150; Amidzich v. Charter Oak Fire Insurance Co., 44 Wis.2d 45, 170 N.W.2d 813, 816 (1969). A plain and ordinary application of the words "in, upon, getting in, on, out, or off" the truck would only lead to the conclusion that Radmann was not occupying the truck at the time of the accident, asserts Truck Insurance. Ronald's truck was parked in the Wal-Mart parking lot north of Highway 8. He was hit in the right-hand eastbound lane of the highway and his body was found near the right shoulder of the right-hand east bound lane. Truck Insurance contends that it can not be said that Ronald's actions fit within the definition of occupancy as his body was found 100 feet from the truck, a distance of roughly 10 feet greater than the length of a standard basketball court.
*977 Truck Insurance further argues that Ronald was not occupying the truck under Wisconsin law. Unlike Moherek, where everything the plaintiff did after exiting the vehicle was related to restarting the vehicle in order to resume the journey and thus was vehicle-oriented, Truck Insurance asserts that Ronald was neither vehicle-oriented at the time of his death because he was not performing a task directly related to the use of the truck, nor was he injured by coming in contact with the truck. Furthermore, unlike Kreuser, Truck Insurance asserts that Ronald was not involved in an act related to the automobile but was injured while moving away from the vehicle and crossing the highway as a pedestrian. Moreover, unlike Kreuser, where the plaintiff's body was situated approximately ten feet from the vehicle, Truck Insurance argues that Ronald was not within a reasonable geographical perimeter from the truck as his body was found 100 feet away. Truck Insurance also distinguishes Sentry from the present case, arguing that unlike Sentry, Ronald was not within arm's reach of the covered vehicle at the time of the accident and did not make physical contact with the truck after being struck.
Truck Insurance also cites the following case law from other jurisdictions in support of its position that Ronald was not occupying the truck at the time of his injury: In State Farm Mutual Automobile Insurance Co. v. Yanes, 447 So.2d 945 (Fla. Dist. Ct. App. 1984); Greer v. Kenilworth Insurance Co., 60 Ill. App.3d 22, 17 Ill.Dec. 347, 376 N.E.2d 346 (1978); Allstate Insurance Co. v. Horn, 24 Ill. App.3d 583, 321 N.E.2d 285 (1974); and Fischer v. Aetna Insurance Co., 65 Misc.2d 191, 317 N.Y.S.2d 669 (1971).
In the present case, a court's grant of summary judgment will be reversed only if the trial court incorrectly decided a legal issue or if material facts are in dispute. Martin v. Milwaukee Mutual Insurance Co., 146 Wis.2d 759, 433 N.W.2d 1, 3 (1988); Green Spring Farms v. Kersten, 136 Wis.2d 304, 401 N.W.2d 816, 821 (1987). The construction of a statute and insurance contract provisions are questions of law which this Court may decide without deference to the trial court. Id.
The determination of whether Ronald was occupying the truck at the time of his accident depends upon whether he had severed his connection with the truck. Sentry, 283 N.W.2d at 455; Moherek, 230 N.W.2d at 148; and Kreuser, 461 N.W.2d at 806.
Radmann's language in her complaint that "[a]t the time of the aforesaid collision, Mr. Radmann had not severed his connection with the covered vehicle," is nebulous. One could interpret this statement as meaning that Radmann had not completed his deliveries and still exercised some dominion and control over the truck thereby not severing his relationship with the truck, or one could interpret the statement as meaning that Radmann was still occupying the truck at the time of his accident under the policy and applicable case law. Because the allegation is ambiguous, it cannot be said that Truck Insurance admitted that Ronald was occupying the truck for purposes of coverage when it admitted in its answer that Ronald had not severed his connection with the truck. Furthermore, in its response, Truck Insurance made it clear that they were not admitting that Ronald was occupying the truck under the policy and applicable law. Thus, Truck Insurance's admission is not determinative of the issue, and is, at most, an evidentiary admission to be considered along with other evidence. Savich v. Hines, 174 Wis. 181, 182 N.W. 924, 925 (1921).
A determination of whether Ronald had severed his connection with the truck, under Wisconsin law, is based on whether he was vehicle-oriented or highway-oriented at the time of the accident. Sentry Insurance Company v. Providence Washington Insurance Company, 91 Wis.2d 457, 283 N.W.2d 455 (App. 1979); Moherek v. Tucker, 69 Wis.2d 41, 230 N.W.2d 148 (App. 1975); and Kreuser v. Heritage Mutual Insurance Company, 158 Wis.2d 166, 461 N.W.2d 806 (App. 1990).
The common threads between Moherek, Sentry, and Kreuser, where the plaintiffs were found to be vehicle-oriented and occupying the vehicles at the time of injury, are that the plaintiffs had some physical contact with the insured vehicles at the time of injury, *978 and/or they were within close physical proximity with the vehicles at the time of contact. In the present case, the evidence establishes that Ronald did not have physical contact with the truck at the time of his injury. However, we find that Ronald was in close physical proximity with the truck at the time of his accident so as to deem him vehicle-oriented.
We find the facts and reasoning of Kreuser particularly on point. In Kreuser, the Wisconsin Court of Appeals held that an individual was vehicle-oriented when she was attempting to board a vehicle approximately ten feet away. The court reasoned:
Kreuser was within ten feet of Hoffman's vehicle and she was beginning to turn to prepare to enter the vehicle when she was struck by the motorcycle. There is no doubt that both her intent and Hoffman's intent was to have Kreuser occupy the automobile ... We are satisfied that an ordinary lay person would expect that people preparing to board an automobile come within the definition of occupying and would be afforded coverage if injured during the boarding process.
Id. 461 N.W.2d at 808.
In the present case, Ronald's body was found 100 feet away from the truck. This fact does not indicate exactly how far he was from the truck at the time of impact. However, it can be assumed that Ronald had just exited his vehicle. As the Kreuser court held that one injured while boarding a vehicle is vehicle-oriented, we hold by logical analogy, that one injured while exiting an automobile or immediately thereafter is also vehicle-oriented. Thus, Ronald was vehicle-oriented and occupying the truck at the time of his accident so as to be entitled to uninsured motorist coverage under the Truck Insurance policy.
Because we reach the conclusion that the trial court erred with respect to whether Ronald was occupying the truck at the time of the accident, we need not reach the conclusion of whether he was an omnibus-insured for liability purposes under Wisconsin's uninsured motorist statute.
For the foregoing reasons, we reverse the judgment and render on the issue of coverage and remand this matter to the trial court for further proceedings.
REVERSED AND RENDERED IN PART; REMANDED IN PART FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., not participating.