KLEIN, Judge.
Allstate appeals a judgment declaring that the decedent had uninsured motorist coverage under a policy insuring a truck in which he had been a passenger shortly before he was struck and killed by another motorist. We conclude that the decedent, who was unloading a nearby vehicle at the time of the accident, was not “occupying” the insured truck, and was therefore not covered by the policy.
After being informed that an independent trucker’s vehicle had become disabled on I-95, House of Credit, a furniture company, sent two of its employees in a company truck insured by Allstate to the scene to transfer the furniture from the disabled vehicle to the company truck. The insured truck was parked in front of the disabled vehicle, and one of the employees, Benny Charles Thomas, got out and walked to the rear* of the disabled vehicle, where he was struck and killed by an uninsured motorist as he stood waiting to unload furniture.
*1039 Decedent’s estate sued Allstate, and both sides moved for summary judgment, stipulating to the above facts and agreeing that coverage turned on whether decedent was “occupying” the insured vehicle. The Allstate policy defined “occupying” as “in, upon, getting in, on, out or off.”
The trial court concluded that decedent was occupying the insured truck, relying on Progressive American Insurance Co. v. Tanchuk, 616 So.2d 489 (Fla. 4th DCA), rev. denied, 624 So.2d 267 (Fla.1993), in which we found coverage under the same definition of “occupying.” In that case the claimant had hooked up a disabled vehicle to the insured tow truck, and was using the radio in the truck when he heard a scream from the occupant of the disabled vehicle. He ran back and was injured when another vehicle struck the disabled vehicle, causing the tow truck cable, which claimant said he may have been touching, to injure claimant. We adopted a test annunciated in Day v. Coca-Cola Bottling Co., 420 So.2d 618 (La.App.1982):
[I]t is not physical contact with the vehicle that serves as a basis to determine whether a person is injured while alighting from a vehicle but it is the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting, that determines this specific coverage.
Tanchuk, 616 So.2d at 490.
In the present case decedent had already completed alighting from the insured vehicle, had walked to the rear of the disabled vehicle which was parked behind it, and was waiting to unload the disabled vehicle. Neither the facts in Tanchuk, nor the test we adopted, suggest coverage here. The definition of “occupying” is not ambiguous, and decedent had simply gone too far from the insured vehicle in this case to be an occupant of it.
The facts in the present case are more like the facts involved in Fidelity & Casualty Co. of New York v. Garcia, 868 So.2d 1313 (Fla. 3d DCA), cert. denied, 378 So.2d 344 (Fla.1979), in which the third district concluded that a passenger who had gotten out of the insured vehicle and was a few feet away from it when he was struck by another motorist, was not occupying the insured vehicle. See also, Davis v. Fireman’s Fund Ins. Co., 463 So.2d 1191 (Fla. 2d DCA), rev. denied, 471 So.2d 43 (Fla.1985), in which it was held that a tow truck operator was not occupying the tow truck while he was changing a tire on a disabled vehicle.
We conclude that the decedent was not occupying the insured truck and reverse and remand for entry of a judgment in favor of Allstate.
GLICKSTEIN and PARIENTE, JJ„ concur.