978 So.2d 850 (2008)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Nancy YOUNG, As Personal Representative of the Estate of Wayne Alan Young, Sr., Deceased, Appellee.
No. 1D07-3787.
District Court of Appeal of Florida, First District.
April 7, 2008.
*851 Carl D. Dawson of Dawson, Galant & Sulik, P.A., Jacksonville, for Appellant.
John Marc Tamayo of Valenti Campbell Trohn Tamayo & Aranda, Lakeland, and Gary L. Printy Jr., Bartow, for Appellee.
LEWIS, J.
Appellant, Auto-Owners Insurance Company, seeks review of the trial court's final judgment in favor of Appellee, Nancy Young, as personal representative of the estate of Wayne Alan Young, Sr., deceased. Appellant argues the trial court erred in granting Appellee's motion for summary judgment on her claim of entitlement to uninsured motorist benefits. Appellant also argues the trial court erred in denying its motion for summary judgment on the issue of non-liability. We agree with both contentions, and accordingly, we reverse.
On January 18, 2004, Wayne Alan Young, Sr., the decedent, and Donald Ross, whom the decedent was training, both employees of Mike's Auto Repair, responded to a call to tow a disabled tractor-trailer from the median of I-10. The decedent parked the tow truck on the shoulder of the median. The decedent and Ross then walked over to the disabled truck's driver, who had gotten out of his vehicle and was walking toward them. The driver informed them that he did not have funds for the tow but that he would try to get a "com check." The decedent and Ross then walked back to the tow truck, and, under the decedent's direction, Ross took the towing cable off the tow truck. The decedent helped Ross pull the cable from the tow truck but let go of it about halfway to the disabled vehicle. Ross pulled the cable the rest of the way to the front of the disabled truck and set it on the ground without hooking it to the truck. Ross and the decedent then walked down into the median and waited to see whether the driver of the disabled vehicle could secure funds for the tow. While standing in the median, approximately twenty to twenty-five feet from the cable, and approximately twenty to twenty-five feet from the tow truck, the decedent was struck and killed by a tractor-trailer that swerved off the road to avoid a car that was braking in front of it. The tractor-trailer also struck Ross in a glancing blow to his legs, but he survived. Approximately five minutes passed from the time Ross dropped the cable in front of the disabled truck to the time when the accident occurred.
Appellee filed an action against Appellant, the insurer of the tow truck, arguing entitlement to uninsured motorist benefits. Appellant's policy provides, in pertinent part, as follows: "We will pay damages you are legally entitled to from the owner or operator of any uninsured automobile because of bodily injury sustained while occupying or getting into or out of an automobile." Appellant denied coverage and moved for summary judgment, arguing that the decedent was not "occupying" the insured vehicle at the time of the accident. The trial court denied Appellant's motion. Appellee then filed a motion for summary judgment. The trial court granted Appellee's motion, and, relying on Progressive American Insurance Co. v. Tanchuk, 616 So.2d 489 (Fla. 4th DCA 1993), held that the decedent was "occupying" the insured tow truck at the time of the accident. Subsequently, the *852 trial court entered a final judgment awarding Appellee $100,000.00 in uninsured motorist benefits. This timely appeal follows.
We review a trial court's grant of summary judgment de novo. Key v. Trattmann, 959 So.2d 339, 341 (Fla. 1st DCA 2007). When reviewing a trial court's summary judgment ruling, an appellate court must draw all reasonable inferences in favor of the party opposing summary judgment. U.S. Lodging of Jacksonville, Ltd. v. H.B. Daniel Constr. Co., 617 So.2d 448, 449 (Fla. 1st DCA 1993). Summary judgment should be affirmed only if the movant has proven the nonexistence of any material factual dispute. Spradley v. Stick, 622 So.2d 610, 612 (Fla. 1st DCA 1993). "Where the determination of the issues of a lawsuit depends on the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment." Cox v. CSX Intermodal, Inc., 732 So.2d 1092, 1096 (Fla. 1st DCA 1999). Accordingly, the issue before this Court is whether the trial court correctly determined that Appellee was entitled to prevail as a matter of law.
The trial court's reliance on Tanchuk was misplaced. In Tanchuk, the claimant had already hooked up a disabled vehicle to the insured tow truck when the accident occurred, and immediately before the accident, he was standing just outside the truck with his hand on the door, reaching for the microphone of the truck's radio. 616 So.2d at 489. As the claimant was reaching for the microphone, he heard a scream from the occupant of the disabled vehicle. Id. He then ran back toward the disabled vehicle and was injured when another vehicle struck the disabled vehicle, clipping the claimant and throwing him forty feet in the air, causing the tow truck cable to hit him in the left arm. Id. Just prior to the accident, the Tanchuk claimant was so close to the cable that he thought he was touching it. Id. In Tanchuk, like here, the issue on appeal was whether the injured party was occupying the insured vehicle at the time of the accident. Id. at 490. To make this determination, the Fourth District adopted a test announced by the Louisiana appellate court in Day v. Coca-Cola Bottling Co., 420 So.2d 518, 520 (La.App.1982):
[I]t is not physical contact with the vehicle that serves as a basis to determine whether a person is injured while alighting from a vehicle but it is the relationship between the person and the vehicle, obviously of time and in distance with regard to the risk of alighting, that determines this specific coverage.
Tanchuk, 616 So.2d at 490. The Tanchuk court focused on the claimant's close proximity in time and distance to the insured vehicle at the time of the accident in determining that the claimant was "occupying" the insured tow truck. See id.
Unlike the trial court, we find the facts of Tanchuk distinguishable from the facts of the instant case. Here, the decedent had not hooked up the disabled truck at the time of the accident, unlike the claimant in Tanchuk. Instead, the decedent had let go of the cable and walked down into the median, away from both the tow truck and disabled truck, to wait to see whether the driver of the disabled vehicle could secure payment. The decedent was standing approximately twenty to twenty-five feet from the cable and twenty to twenty-five feet from the tow truck when the accident occurred. Moreover, nearly five minutes had passed from the last time the decedent had been touching the cable until the moment when he was struck. There was a much greater distance, both in time and space, between the decedent and the tow truck in the instant case than *853 that which existed between the claimant and the tow truck in Tanchuk. Therefore, Tanchuk does not support the trial court's holding that the decedent was occupying the tow truck at the time of the accident.
The Fourth District's subsequent decision in Allstate Insurance Co. v. Thomas, 668 So.2d 1038 (Fla. 4th DCA 1996), is more on point with the instant case. In Thomas, the decedent's employer sent him and a coworker to the aid of a disabled truck. Id. at 1039. After his coworker parked the insured truck in front of the disabled truck, the decedent exited the insured truck and walked to the rear of the disabled vehicle, where he was struck by an uninsured motorist. Id. at 1038. At the time of the accident, the decedent had been waiting to unload furniture from the disabled truck and place it into the insured truck. Id. As in the instant case, the trial court in Thomas, relying on Tanchuk, ruled that the decedent was covered under the truck's uninsured motorist policy. Id. at 1039. On appeal, the Fourth District reversed, holding that the decedent was not "occupying" the truck at the time of the accident, and thus, was not covered under the company's insurance policy when he was struck by an uninsured motorist. Id. The Fourth District noted that the claimant had "already completed alighting from the insured vehicle" when he walked to the rear of the insured vehicle and was waiting to unload a disabled vehicle. Id. Like the decedent in Thomas, the decedent in the instant case had already completed alighting from the insured vehicle. In both Thomas and the instant case, the decedents had walked away from the insured vehicles. See id. at 1038. In fact, the decedent in this case had dropped the cable and walked down into the median approximately twenty to twenty-five feet from the cable and twenty to twenty-five feet from the tow truck and was waiting to see whether the driver of the disabled vehicle could secure funds for the tow. Under the reasoning in Thomas, the decedent in the instant case was not occupying the tow truck at the time of the accident.
Similarly, in Fidelity & Casualty Co. of New York v. Garcia, 368 So.2d 1313, 1315 (Fla. 3d DCA 1979), the Third District held that a claimant was not "alighting from" an insured truck when she was struck by a passing automobile because her activity at that time was too remote from the act of exiting the truck. In that case, the claimant had exited the truck from the passenger side door and was struck after entering the left-hand lane of the highway as she was walking toward her home. Id. at 1315. The Fidelity court noted that the claimant was engaged in a distinctly separate activity having nothing to do with the truck, that is, the crossing of a highway in order to go home. Id. Like the claimant in Fidelity, the decedent in this case made an overt act showing that he was engaged in a new activity that was distinct from exiting or using the insured vehicle. When he was struck, the decedent was no longer using the cable to tow the disabled vehicle. Instead, he had released the cable and had walked down into the median, away from the cable and his tow truck, to wait to see if the driver could secure funds to pay for the tow. As such, under the reasoning in Fidelity, the decedent was not "occupying" the tow truck when he was struck.
We agree with the reasoning in Thomas and Fidelity. Accordingly, we REVERSE the trial court's final judgment and REMAND with instructions to enter judgment in favor of Appellant.
KAHN and PADOVANO, JJ., concur.