NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE FARM MUTUAL AUTOMOBILE        )
INSURANCE COMPANY,                  )
                                    )
          Appellant,                )
                                    )
v.                                  )          Case No. 2D15-3487
                                    )
PATRICK BAILEY; MICHAEL A.          )
FINNEGAN; and DONALD A. FINNEGAN,   )
                                    )
          Appellees.                )
_____    )

Opinion filed November 9, 2016.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Mark D. Tinker and Charles W. Hall of
Banker Lopez Gassler P.A., St. Petersburg,
for Appellant.

Roy L. Glass of The Law Offices of Roy L.
Glass, P.A., St. Petersburg, for Appellee
Patrick Bailey.

No appearance for remaining Appellees.


BLACK, Judge.

          State Farm Mutual Automobile Insurance Company appeals from the final

judgment entered following the trial court's grant of final summary declaratory judgment

for uninsured motorist coverage in favor of Patrick Bailey. State Farm asserts that the trial court improperly construed the terms of the uninsured motorist (UM) provisions of the insurance policy when it determined that Mr. Bailey was entitled to UM coverage for injuries caused when Mr. Bailey was struck by an uninsured motorist. We agree and reverse.

On October 3, 2012, Mr. Bailey, who was acting in the course and scope of his employment with Claim Jumper, Inc., was struck and injured by an uninsured motorist. Prior to the accident, Mr. Bailey was driving a crane truck—a flatbed vehicle with a crane attached for the purpose of lifting heavy items. However, at the time of the accident, Mr. Bailey was not operating the truck or the crane; he was standing between ten and twenty feet from the truck, observing the operation of the crane by a coworker. The truck was running in order for the crane to be operated, but the truck was not moving. Mr. Bailey had been monitoring the work being done for about thirty minutes when he was struck by an uninsured vehicle after the driver of the vehicle lost control of it.

Mr. Bailey sued State Farm, Claim Jumper's insurer, for uninsured motor vehicle coverage. State Farm and Mr. Bailey filed competing motions for summary judgment. State Farm contended that pursuant to the terms of the insurance policy, Mr. Bailey was neither a named insured nor otherwise covered because he was not occupying the insured vehicle, as that term is defined in the policy, at the time of the accident. Mr. Bailey argued that pursuant to the Business Named Insured Endorsement of the policy he was an insured and, alternatively, that he was occupying the insured vehicle for purposes of the UM section. The trial court granted Mr. Bailey's motion,

finding that his constructive possession of the vehicle at the time of the accident satisfied the occupancy requirement for UM coverage. Subsequently, the parties consented to the entry of a final judgment in the amount of the policy limits.

"Where the determination of the issues of a lawsuit depends on the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment." Auto-Owners Ins. Co. v. Young, 978 So. 2d 850, 852 (Fla. 1st DCA 2008) (quoting Cox v. CSX Intermodal, Inc., 732 So. 2d 1092, 1096 (Fla. 1st DCA 1999)). Our review of an order granting summary judgment is de novo, as is our review of the trial court's interpretation of an insurance policy to determine coverage as a matter of law. Auto-Owners Ins. Co. v. Above All Roofing, LLC, 924 So. 2d 842, 843 (Fla. 2d DCA 2006). The legal issue before the trial court was whether the insurance policy unambiguously provided UM coverage for Mr. Bailey's injuries based on the express terms of the policy. "Accordingly, the issue before this [c]ourt is whether the trial court correctly determined that [Mr. Bailey] was entitled to prevail as a matter of law." See Young, 978 So. 2d at 852.

The policy at issue defines "insured" as "the person, persons or organization defined as insureds in the specific coverage." State Farm relies upon Section III, Uninsured Motor Vehicle—Coverages U and U3, and Section III of the Business Named Insured Endorsement, Uninsured Motor Vehicle—Coverages U and U3 for its argument that Mr. Bailey's injuries are not covered by the policy. Section III, Uninsured Motor Vehicle, provides, in pertinent part:

> **Who Is an Insured**
>     . . . .

**Insured**—means the person or persons covered by uninsured motor vehicle coverage. This is:

1. the first person named in the declarations;

2. his or her spouse;

3. their relatives; and

4. any other person while <u>occupying</u>:

    a. your car, a temporary substitute car, a newly acquired car or a trailer attached to such car. Such vehicle has to be used within the scope of the consent of you or your spouse; or

    b. a car not owned by you, your spouse or any relative, or a trailer attached to such a car.

    . . . .

5. any person entitled to recover damages because of bodily injury to an insured under 1 through 4 above.

(Underlined emphasis added.) Section III of the Business Named Insured Endorsement provides, in relevant part:

The provision titled **Who Is an Insured** is changed to read:
. . . .

Insured means:

1. any person while <u>occupying</u> a vehicle covered under the liability coverage. Such vehicle has to be used by a person who is insured under the liability coverage.

    . . . .

- 4 -

2. you or any person entitled to recover damages because of bodily injury to an insured under 1 above.

(Underlined emphasis added.)  The policy defines "occupying" as "in, on, entering or alighting from."

Mr. Bailey relies on Section 1, Liability Coverages, of the Business Named Insured Endorsement for his argument that his injuries are covered by the policy.  He contends that he is an insured under the terms of Section 1.  The endorsement explains that "[i]n consideration of the premium charged, it is agreed that your policy is changed as follows:"

**Section 1—Liability Coverages**

. . . .

(2) The provision titled Who Is An Insured is changed to read:

Who Is An Insured
Insured means:

1. you;

2. any person while using your car, a newly acquired car or a temporary substitute car, if its use is within the scope of your consent; and

3. any other person or organization liable for the use of your car, a newly acquired car or a temporary substitute car by one of the above insureds.

Mr. Bailey alternatively argues that he is entitled to coverage because Section III of the endorsement requires that an insured be both using an insured

vehicle, as defined by the liability coverage provision, and occupying an insured vehicle.[1]

There is no question that Claim Jumper is the named insured of the policy, not Mr. Bailey. The definition of insured under the endorsement's Section 1, Liability Coverages, is inapplicable to this case. There is no issue of Mr. Bailey's liability for injury or property destruction, nor is there an issue of indemnity. As a result, Mr. Bailey would only be entitled to UM coverage if he meets the "occupying" provision of Section III, UM coverage.[2]

The language of the policy is unambiguous and Mr. Bailey does not contend otherwise. See Above All Roofing, 924 So. 2d at 847 (concluding that the policy provision defining "occupying" as "in or upon, entering into or alighting from" was not ambiguous). Therefore, we need not look further than this court's decision in Above All Roofing to resolve the issue.

In Above All Roofing, we concluded that a plaintiff who had exited the insured vehicle and was standing across the street from the vehicle when he was struck

---

[1]Both the standard Section III UM coverage and the Business Named Insured Endorsement Section III UM coverage contain the occupying requirement; we therefore need not address Mr. Bailey's claim that State Farm incorrectly relies upon the language of the standard section.

[2]As discussed in Sommerville v. Allstate Insurance Co., 65 So. 3d 558 (Fla. 2d DCA 2011), "[t]ypically, automobile insurance policies recognize two classes of insureds. Class I insureds are named insureds and their resident relatives. Class II insureds are lawful occupants of an insured vehicle who are not named insureds or resident relatives of named insureds . . . ." Id. at 560 (citations omitted). Further, "[w]hen the named insured is a corporation, it obviously can never have a bodily injury or a UM claim as well as claims for coverage for family members. The entire risk in such a situation arises from class II insureds." Varro v. Federated Mut. Ins. Co., 854 So. 2d 726, 728 (Fla. 2d DCA 2003).

by an uninsured motorist was not covered by the policy's UM provision because the plaintiff was not "in or upon, entering into or alighting from" the insured vehicle. 924 So. 2d at 847. That conclusion was supported by other district court decisions holding that "occupying" is unambiguous and that plaintiffs were not covered where they "were not at least touching or in close proximity to the insured vehicle at the time of injury." Id. at 846; see, e.g., Davis v. Fireman's Fund Ins. Co., 463 So. 2d 1191 (Fla. 2d DCA 1985); Allstate Ins. Co. v. Thomas, 668 So. 2d 1038 (Fla. 4th DCA 1996); State Farm Mut. Auto. Ins. Co. v. Yanes, 447 So. 2d 945 (Fla. 3d DCA 1984); Fid. & Cas. Co. of N.Y. v. Garcia, 368 So. 2d 1313 (Fla. 3d DCA 1979); cf. Progressive Am. Ins. Co. v. Tanchuk, 616 So. 2d 489 (Fla. 4th DCA 1993); Asnip v. Hartford Accident & Indem. Co., 446 So. 2d 1121 (Fla. 3d DCA 1984). "[I]t is the *relationship* between the person and the vehicle, obviously of time and in distance," that determines whether a person is "in, on, entering or alighting from" the vehicle. Young, 978 So. 2d at 852 (quoting Tanchuk, 616 So. 2d at 490).

Here, the undisputed facts establish that Mr. Bailey was not "in, on, entering or alighting from" the insured truck at the time he was struck; he had exited the truck some thirty minutes prior to being struck and was standing at least ten feet away from the vehicle when he was hit. The separation between Mr. Bailey and the truck in both time and distance precludes a finding that Mr. Bailey was occupying the vehicle at the time he was struck as a matter of law.

Accordingly, we reverse the final judgment and direct the trial court to enter final summary judgment in favor of State Farm.

Reversed and remanded with instructions.

LaROSE and CRENSHAW, JJ., Concur.